JACOB MACK AND ANOTHER v. JACOB COHN, IMPLEADED, ETC.

*Attorney — when he is not liable to punishment for a failure to pay costs awarded against him.*

APPLICATION for the punishment of Charles S. Schampain for the non-payment of costs awarded against him, on the determination of an appeal from an order.

The order from which the appeal was taken, denied a motion made for an order requiring Schampain, as an attorney, to deliver to the substituted attorney succeeding him, a copy of the entries in the register kept by him, showing substantially what had taken place in the progress of the litigation up to the time of the substitution. From this order an appeal was taken to the General Term,

where it was reversed, and the order applied for by the motion was made. This determination was made "with ten dollars costs and disbursements for printing on this appeal to be adjusted."

The court at General Term said : " This was all the adjudication made on the subject of costs against the attorney, from whom the information to be supplied by the entries in his register was sought. And it was no more than the usual award of costs against an unsuccessful party to a legal proceeding. There was no adjudication that the costs were intended to be imposed upon him for any misconduct on his part as an attorney or counselor of the court. But for the reason that he had been unsuccessful in his efforts to sustain the order denying the motion, he was required to pay the ordinary costs following that result. He did not misconduct himself in endeavoring to sustain the order. He was entirely justifiable in so doing, by the order which had been made in his favor, from which the appeal was taken. And the adjudication made by the court in reversing the order contains no intimation that either his refusal to furnish a copy of his entries or such resistance to the appeal was, in any respect, considered to be improper. In this respect the case very essentially differs from that of *Matter of Kelly* (62 N. Y., 198), where the attorney was required to pay the costs of the proceedings because they had been prosecuted with improper motives. This adjudication brought that case within the latter clause of paragraph 15 of the Code of Civil Procedure. But without it the preceding part of the section is applicable, declaring that ' a person shall not be arrested or imprisoned for the non-payment of costs awarded otherwise than by a final judgment, or a final order, made in a special proceeding instituted by a State writ.' This was not so instituted, and as no actual misconduct could be affirmed simply from the effort made to sustain the order from which the appeal had been taken, the attorney is not liable to personal arrest or punishment for the failure to pay the costs and disbursements recovered against him.

" The authority already referred to sustains that view, and the cases of *Ellis* v. *Rice* (77 N. Y., 610), and *Fischer* v. *Raab* (81 id., 235), are also to the same effect."

The motion made must accordingly be denied, with ten dollars costs.

*Benno Loewy,* for the motion.

*Isaac D. Egbert,* for Schampain.

Opinion *Per Curiam.*

Present — BRADY, P. J., DANIELS and BARKER, JJ.

Motion denied, with ten dollars costs.